UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL EVERETT KISSLER,

       Plaintiff,

  v.

STATE OF WASHINGTON,

       Defendant.

No. C13-5141 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: May 17, 2013**

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. The Court declined to serve Plaintiff's proposed civil rights complaint (ECF No. 1-1) because it is deficient but provided Plaintiff an opportunity to file an amended complaint or to show cause why this case should not be dismissed. ECF No. 5. In the meantime, the Court held his application to proceed *in forma pauperis* (ECF No. 1) pending Plaintiff's response so that Plaintiff would not incur the $350.00 filing fee debt.

In response to the Court's Order, Plaintiff states that he now understands that he cannot proceed with his 42 U.S.C. § 1983 action at this time because his case is currently on direct appeal in the Washington State Court of Appeals (Case No. 445891). ECF No. 6, p. 1. Because Plaintiff must first pursue his remedies in state court, the undersigned recommends that this case be dismissed without prejudice to re-filing. If Plaintiff files a habeas petition in this Court after exhausting his state court remedies, he may do so under a new case number.

//

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Plaintiff contends that he was denied his speedy trial rights and seeks compensation for loss and suffering. However, he concedes that his state court case is currently on direct appeal with the Washington State Court of Appeals. ECF No. 6.

In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Prisoners in state custody who wish to challenge their convictions in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Plaintiff's conviction or sentence has not been invalidated by either court or executive order. Therefore, any judgment in his favor in this case would necessary imply the invalidity of his sentence, as the logical consequence of such a judgment would be an earlier release from

REPORT AND RECOMMENDATION - 2

prison. Accordingly, Plaintiff's claims must first be considered in a state appellate court and the claims must be appealed through all levels of the state appellate courts before they can be brought in the federal district court for review.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed **without prejudice to re-filing** and his application to proceed *informa pauperis* (ECF No. 1) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 17, 2013**, as noted in the caption.

**DATED** this   24th   day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3